Joseph SZUECS, Plaintiff,

v.

UNITED STATES OF AMERICA, as represented by Ezra Taft Benson, Secretary of Agriculture, Defendant.

Civ. A. No. 3261–53.

United States District Court
District of Columbia.

Feb. 20, 1956.

Richard P. Schulze, Washington, D. C., for plaintiff.

E. R. Weisbender, Dept. of Justice, Washington, D. C., for the United States.

McLAUGHLIN, District Judge.

Plaintiff and Defendant's assignor Humfeld each filed an application for a patent on an invention defined by an identical claim appearing in each application. Said claim, constituting the one Count involved in the Patent Interference proceeding hereinafter referred to, reads as follows:

> A process for growing mushroom mycelium, a foodstuff, comprising inoculating a sterile, liquid, organic-material containing nutrient medium with mushroom tissue, forcing air into the culture beneath the surface thereof, agitating the culture by stirring to disperse the air into the culture, and continuing growth under agitated, aerated, submerged conditions until a substantial amount of mycelium is produced.

This suit is brought by Plaintiff under Section 146, Title 35 U.S.Code, challenging a decision of the Board of Patent Interferences awarding priority of invention to Humfeld.

The issues are as follows:

Issue I. Whether the process as described by Humfeld is or is not inoperative, and

Issue II. Whether Plaintiff or Humfeld is the first inventor.

■ The application of Humfeld was filed on January 23, 1948. Plaintiff's application was filed on April 19, 1948. The burden of proof rests on Plaintiff to establish the allegations of his complaint by a preponderance of the evidence.

Based upon a consideration and study of the record including the record in Patent Interference No. 85143 in the Patent Office, and the briefs of counsel, the Court finds as follows on the two issues involved:

Conclusion as to Issue I.

■ The Court finds that the evidence is insufficient to establish by a preponderance of the evidence that the Humfeld process was inoperative to produce mushroom mycelium. The Court, in the circumstances finds that the Humfeld process was operative to produce mushroom mycelium.

Conclusion as to Issue II.

■ The Court finds that the testimony of Plaintiff, and of witnesses in corroboration thereof, establishes by a preponderance of the evidence that the Plaintiff reduced the process to practice on February 7, 1947 and that he was first to reduce the process to practice. The Court, in the circumstances, finds that Plaintiff was the first inventor.

■ The Court holds that the Plaintiff is entitled to a decree ordering that the Commissioner of Patents be directed to issue to Plaintiff letters patent on Plaintiff's application.